UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 19-0976 FMO (JPRx) | Date | Sept. 18, 2019 |
|---|---|---|---|
| Title | Sung Choi v. Chi Vuong, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Cheryl Wynn | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Dismissal for Lack of Prosecution

Plaintiff filed her Complaint on May 22, 2019. (See Dkt. 1). By order dated August 9, 2019, plaintiff was ordered to show cause why this action should not be dismissed for lack of prosecution. (See Dkt. 9, Court's Order of August 9, 2019). The OSC noted that "[a]bsent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Generally, a defendant must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed. R. Civ. P. 12(a). The court may dismiss the action prior to the 90 days, however, if plaintiff(s) has/have not diligently prosecuted the action." (Dkt. 9, Court's Order of August 9, 2019). As of the filing date of this Order, plaintiff has not filed proofs of service or otherwise responded to the order to show cause.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 19-0976 FMO (JPRx) | Date | Sept. 18, 2019 |
|---|---|---|---|
| Title | Sung Choi v. Chi Vuong, et al. | | |

effect service within the specified time and comply with the Court's Order of August 9, 2019, is appropriate.

    Based on the foregoing, IT IS ORDERED THAT judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | cw |